IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VEHICULAR SCIENCES LLC, | § § § | 6:13cv307 MHS-JDL |
| vs. | § § | LEAD CASE |
| MERCEDES-BENZ U.S. INTERNATIONAL, INC., et al. | § § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants'[1] Motion to Dismiss (Doc. No. 16). Plaintiff American Vehicular Sciences LLC ("Plaintiff" or "AVS") filed an Amended Complaint (Doc. No. 18). Defendants then filed a Motion to Dismiss the Amended Complaint ("Motion") which the Court will now consider.[2] Doc. No. 23. The matter is fully briefed. Doc. Nos. 30, 38, & 41. Having fully considered the parties' arguments and for the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED.** Additionally, the Court recommends that Defendants' original Motion to Dismiss (Doc. No. 16) be denied as **MOOT**.

**BACKGROUND**

On April 3, 2013, Plaintiff filed four lawsuits, alleging Defendants infringe five patents: U.S. Patent Nos. 6,772,057 ("the '057 patent"), 6,746,078 ("the '078 patent"), 5,845,000 ("the '000 patent"), 6,738,697 ("the '697 patent"), and 7,630,802 ("the '802 patent") (collectively, "the asserted patents"). COMPL. On June 7, 2013, Defendants moved to dismiss AVS' claims for induced and contributory infringement (Doc. No. 16). Plaintiff amended its complaint on

---

[1] Defendants include Mercedes-Benz U.S. International, Inc. and Mercedes-Benz USA, LLC (collectively, "Defendants").
[2] The Court notes that the four Mercedes case were consolidated in the 6:13cv307 Lead Case on Aug. 9, 2013 following the filing of the instant motion. While the Lead Case will be cited to throughout this Report and Recommendation, it is also applied to Case No. 6:13cv308 Doc. Nos. 17 & 23; 6:13cv309 Doc. No. 16; and 6:13cv310 Doc. Nos. 15 & 21.

June 24, 2013 (Doc. No. 18). Defendants then filed the instant Motion to Dismiss the Amended Complaint (Doc. No. 23) asserting that the amended complaint fails to adequately allege claims for either induced or contributory infringement. Specifically, Defendants argue that Plaintiffs "do not (1) allege that the Mercedes Defendants had knowledge of the [asserted patents] prior to the filing of these lawsuits; (2) provide any factual basis for asserting that the Mercedes Defendants specifically intended to induce or contribute to infringement; (3) identify the components that the Mercedes Defendants are accused of supplying to contribute to infringement of third parties; or (4) provide any factual basis for asserting that the (unidentified) components have no substantial non-infringing uses." MOT. at 1. Plaintiff contends that the amended complaint exceeds the level of detail and specificity required by law, providing a "plausible basis that would allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." RESP. at 2. Additionally, Plaintiff alleges that Defendants' "attempt to dismiss AVS' claims for inducement at this early stage is a blatant attempt to foreclose discovery into Mercedes' knowledge of the patent." *Id.* at 1.

## **LEGAL STANDARD**

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355-56 (Fed.Cir. 2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal,* 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-685, 129 S. Ct. 1937, 1949-50, 1953 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In the patent context, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). Further, the Federal Circuit has definitively held that whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *Bill of Lading*, 681 F.3d at 1334; *see also* FED. R. CIV. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation). Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction--See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3

    3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

    4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.

(Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also Bill of Lading,* 681 F.3d at 1334 (describing the requirements of Form 18). Thus, to the extent that *Twombly* and its progeny conflict with Form 18 and establish different pleading requirements, "the Forms control." *Id.* at 1336-37.

    Form 18, however, applies only to direct infringement claims and thus cannot measure the sufficiency of indirect infringement pleadings. *Id.* Therefore, claims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. *Id.* ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement"). Lastly, the Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

    A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element

requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ---, 131 S.Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.''). In order to survive a motion to dismiss, the complaint must (1) adequately plead direct infringement by defendant's customers, (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents, and (3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement. *See Bill of Lading,* 681 F.3d at 1339.

A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005). A complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which Court may conclude that the claim is plausible. *Bill of Lading*, 681 F.3d at 1337.

## DISCUSSION

A portion of the amended complaint regarding the '078 Patent is set out below as representative of the dispute:

> On information and belief, Mercedes-Benz has been and now is directly infringing the '078 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles that include systems and employ methods for moving a headrest based on anticipatory sensing ("Infringing Systems"), including but not limited to the Pre-Safe systems/functionality, that infringe or the use of which infringe one or more claims or the '078 Patent, all to

the injury of AVS. Mercedes-Benz is thus liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271(a).

On information and belief, Mercedes-Benz is actively inducing others to directly infringe the '078 Patent…by, among other things, making, offering for sale, or importing vehicles that include Infringing Systems for use by others. On information and belief, customers of Mercedes-Benz use the Infringing Systems and are thus also directly infringing the '078 Patent. Mercedes-Benz induces its customers to directly infringe the '078 Patent by providing its customers and others with detailed explanations, instructions, and information as to arrangements, applications, and uses of the Infringing Systems that promote and demonstrate use of the Infringing Systems. Merecedes-Benz also knows that its actions induce its customers to directly infringe the '078 Patent. At least as of the commencement of this action, April 3, 2013, Mercedes-Benz knows of the '078 Patent and that customer use of the Infringing Systems directly infringes the '078 Patent. Mercedes-Benz is thus also liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271(b).

On information and belief, Mercedes-Benz has been and now is contributing to the infringement by others of the '078 Patent…by, among other things, offering for sale, selling, or importing the Infringing Systems in the United States for incorporation into vehicles. On information and belief, the Infringing Systems and Methods are for moving a headrest based on anticipatory sensing, which is the same field of the '078 Patent, and the Infringing Systems are not suitable for substantial noninfringing use. At least as of the commencement of this action, Mercedes-Benz knows that the Infringing Systems are made or adapted in such a way that they infringe the '078 Patent. Mercedes-Benz is thus liable for the '078 Patent pursuant to 35 U.S.C. § 271(c).

AM. COMPL. at ¶¶ 15-17. The Court notes that in each respective case and Motion to Dismiss, the Amended Complaint addresses the related patent and asserted products in a similar fashion.

### A. Inducement Allegations

As noted above, because Form 18 does not expressly pertain to indirect infringement, the general principles of *Twombly* and *Iqbal* apply to indirect infringement claims. *Bill of Lading,* 681 F.3d at 1336-37 (internal citation omitted). Under 35 U.S.C. § 271(b), induced infringement requires a showing of: (1) direct infringement by another; and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC,*

420 F.3d at 1378. A party is liable for induced infringement if it knew or should have known that the induced acts constitute patent infringement. *See* 35 U.S.C. § 271 (b); *Global-Tech Appliances,* 131 S.Ct. at 2068; *Bill of Lading,* 681 F.3d at 1339. Thus, to survive Defendants' Motion to Dismiss, AVS' complaint must contain sufficient facts alleging a direct infringer and plausibly showing that Defendants specifically intended a third party to commit acts that it knew constituted infringement. *See Bill of Lading*, 681 F.3d at 1339. However, this does not mean that AVS "must prove itself at the pleading stage." *Id.*

AVS alleges that Defendants induce their customers to infringe the asserted patents with "detailed explanations, instructions, and information" concerning the alleged products. AM. COMPL. at ¶ 16. Specifically, AVS contends that "Mercedes-Benz induces its customers to directly infringe the [asserted patents] by providing its customers…with detailed explanations, instructions, and information as to arrangements, applications, and uses of the [infringing systems] that promote and demonstrate use of the [infringing systems]." *Id.* However, AVS does not allege that the "detailed explanations, instructions, and information" directed customers to act in an infringing manner. *See Vita-Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328-29 (Fed. Cir. 2009) (where Defendant's "product instructions provide no basis on which [plaintiff] can rely to infer specific intent to encourage infringement" where "the record is devoid of actual evidence establishing specific intent to encourage customers to infringe the [asserted patent]. [Plaintiff] instead points to the product instructions and the design of the device to support an inference of intent."). While AVS' amended complaint alleges a direct infringer, namely Defendants' customers, the complaint fails to allege any facts that establish a plausible inference that Defendants had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement. Further, it is well-established that "naked

assertions devoid of 'further factual enhancement'" are insufficient to state a claim. *See Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly,* 550 U.S. at 555). Thus, AVS' complaint fails to provide Defendants adequate notice as to its inducement allegations.

### B. Contributory Infringement Allegations

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Thus, to state a claim for contributory infringement, AVS must, among other things "plead facts that allow an inference that the components… have no substantial non-infringing uses." *Id*. (citations omitted).

For the reasons stated above, the Court finds that AVS' complaint sufficiently identifies a direct infringer. However, the complaint fails to identify the components of the accused products used to infringe the asserted patents. The complaint is further devoid of any allegation from which the Court can plausibly infer that any components of the products being sold have "no substantial non-infringing uses." AVS merely asserts that Defendants' products contribute to the infringement by others of the asserted patents "by, among other things, offering for sale, selling, or importing the Infringing Systems in the United States for incorporation into vehicles." AM. COMPL. at ¶ 17. Other than identifying the general technology of the respective patent along with a broad assertion that the "Infringing Systems" are not suitable for substantial noninfringing use, AVS' complaint fails to include any discussion of other potential uses of the asserted products. Accordingly, the Court finds that AVS' contributory infringement allegations fail to state a claim.

**CONCLUSION**

For all the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss the Amended Complaint be **GRANTED.** The Court further **GRANTS** AVS leave to amend its complaint within fourteen (14) days of the date of this Order to comply with Rule 8 as described herein. Additionally, the Court recommends that Defendants' original Motion to Dismiss (Doc. No. 16) be denied as **MOOT**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 7th day of February, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE